In the Matter of GARY D. SCHNEIDER, a Suspended Attorney, Resignor.

Second Department, June 29, 1992

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Gary D. Schneider has submitted an affidavit dated February 6, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). He was suspended from the practice of law by order of this court dated June 10,

1991, based upon evidence of professional misconduct immediately threatening the public interest, in that he converted escrow funds and failed to cooperate with the Grievance Committee.

Mr. Schneider acknowledges that he is the subject of an ongoing investigation by the Grievance Committee for the Tenth Judicial District concerning allegations that he converted client escrow funds and failed to cooperate with the Grievance Committee. Mr. Schneider further acknowledges that he is submitting his resignation subject to an order of this court directing that he make restitution to any persons whose money or property he misappropriated or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. Schneider recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

Mr. Schneider indicates that he is tendering his resignation freely and voluntarily, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against disciplinary charges which have been initiated against him by the Grievance Committee.

Chief Counsel for the Grievance Committee recommends that the court accept the resignation. Under the circumstances, the resignation of Gary D. Schneider as a member of the Bar is accepted and directed to be filed. Accordingly, Gary D. Schneider is disbarred and his name is stricken from the roll of attorneys and counselors-at-law effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the resignation of Gary D. Schneider is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gary D. Schneider is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Gary D. Schneider shall continue to comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Gary D. Schneider is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Gary D. Schneider is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

David and Deborah Files in the sum of $8,488; and Daniel Sullivan in the sum of $8,150; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), Gary D. Schneider shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.